UNITED STATES  DISTRICT COURT

Northern District of California

MARIA C. JIMENEZ,

               Plaintiff,

   v.

HOMECOMINGS FINANCIAL,

               Defendant.

_____/

No. C 09-00146 MEJ

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; GRANTING PLAINTIFF LEAVE TO AMEND; SETTING BRIEFING SCHEDULE AND HEARING DATE**

Pending before the Court is Defendant Homecomings Financial LLC's Motion to Dismiss Plaintiff's (Second) Amended Complaint for Failure to State a Claim (Dkt. #41).  Plaintiff *pro se* Maria Jimenez filed an Opposition[1] (Dkt. #48), to which Defendant filed a Reply (Dkt. #49). Additionally, Defendant has filed a Request for Judicial Notice.  (Dkt. #42.)  On August 13, 2009, the Court held a hearing on the Motion.  For the following reasons, the Court **GRANTS** Defendant's Motion and further **GRANTS** Plaintiff leave to amend her pleading.  Further, because the documents Defendant submitted with its request for Judicial Notice are matters of public record, the Court **GRANTS** Defendant's Request for Judicial Notice.  *See* Fed. R. Evid. 201.

## I.  BACKGROUND

Plaintiff initiated this action on January 13, 2009, by filing a Complaint against Homecomings.  (Dkt. #1.)  On February 9, 2009, Homecomings moved to dismiss Plaintiff's original Complaint for failure to state a claim.  (Dkt. #5.)  On March 4, 2009, Plaintiff filed both an opposition to Defendant's motion, as well as an Amended Complaint.  (Dkt. ##12, 13.)

---

[1]Plaintiff filed her Opposition on August 7, 2009.  Pursuant to the Court's June 11, 2009 Order, Plaintiff's Opposition was due on August 3, 2009.  (Dkt. #40 at 3.)  Although Plaintiff's brief is untimely, the Court will still consider it.  However, Plaintiff is cautioned that if she fails to file documents on time in the future, the Court will strike them and will not consider them in its rulings.

UNITED STATES DISTRICT COURT
For the Northern District of California

1  Thereafter, on March 24, 2009, Defendant moved to dismiss Plaintiff's Amended Complaint

2  pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  (Dkt. #17.)  In

3  response, on April 9, 2009, Plaintiff submitted another Amended Complaint (Dkt. #23).  Because

4  Plaintiff had already amended her Complaint once, and failed to obtain Defendant's written consent

5  or leave from the Court prior to submitting her subsequent amended Complaint as required by

6  Federal Rule 15(a), the Court issued an order striking the document from the record and directed

7  Plaintiff to file any opposition to Defendant's Motion by April 30, 2009.  (Dkt. #24.)  In accordance

8  with the Court's April 14 Order, Plaintiff filed her Opposition on April 30, 2009.  (Dkt. #27.)

9  Defendant filed its Reply brief on April 5, 2009 (Dkt. #28.)  Subsequently, on May 15, 2009,

10  Plaintiff filed a Motion to Amend Complaint and attached a proposed Second Amended Complaint

11  (Dkt. ##30, 31).  On June 11, 2009, the Court held a hearing on Defendant's Motion.  At that time,

12  the Court granted Plaintiff leave to amend and deemed her Second Amended Complaint filed as of

13  the date of the hearing.  (Dkt. #40.)  Because the filing of Plaintiff's Second Amended Complaint

14  mooted Defendant's motion to dismiss, the Court denied it without prejudice.  (*Id*.)

15       Defendant now moves to dismiss Plaintiff's Second Amended Complaint pursuant to Rule

16  12(b)(6).

17                          **II.  LEGAL STANDARD**

18       Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may seek dismissal of a

19  complaint for failure to state a claim upon which relief can be granted.  Rule 8, which provides the

20  standard for judging whether such a cognizable claim exists, requires only that a complaint contain

21  "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ.

22  P. 8(a)(2).  Thus, to survive a motion to dismiss, a complaint need not provide detailed factual

23  allegations.  *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007).  However, "a plaintiff's

24  obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and

25  conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.* at 555

26  (citation omitted).

27       A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face,"

28

2

not just conceivable.  *Id.* at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  Thus, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Id.* at 1950.

In reviewing a motion to dismiss, the court may also consider documents attached to the complaint.  *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995) (citation omitted).  In addition, the court may consider a matter that is properly the subject of judicial notice, such as matters of public record.  *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)

If the court dismisses the complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).  In making this determination, the court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment."  *Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989).

### III.  DISCUSSION

A.      Plaintiff's Allegations

The pertinent facts, taken from Plaintiff's Second Amended Complaint and Defendant's Request for Judicial Notice, as are follows.  Plaintiff owned property located at 5176 Grass Valley Way, Antioch, California (the "Property").  (Sec. Am. Compl. ¶III.)  Plaintiff executed a promissory note secured by a Deed of Trust encumbering the Property, which was recorded in the real estate records of Contra Costa County, California, on November 21, 2006.  (RJN, Ex. A.)  The Deed of Trust provides that First Magnus Financial Corporation is the "Lender" and Mortgage Electronic

3

1    Registration Systems, Inc. ("MERS") is the "Beneficiary."  (*Id.*)  Financial Title Company was the

2    original trustee.  (RJN, Ex. B.)  Pursuant to a Substitution of Trustee executed by MERS and

3    recorded in the real estate records of Contra Costa County on August 18, 2008, ETS Services LLC

4    ("ETS") was appointed successor trustee.  (*Id.*)  Defendant Homecomings was Plaintiff's mortgage

5    loan servicer.  (Sec. Am. Compl. ¶XVI.)

6            On August 18, 2008, ETS recorded a Notice of Default and Election to Sell pursuant to the

7    Deed of Trust in the real estate records of Contra Costa County.  (RJN, Ex. C.)  The defaults were

8    not cured, and ETS recorded a Notice of Trustee's Sale in the real estate records of Contra Costa

9    County on December 10, 2008.  (RJN, Ex. D.)  ETS sold the Property at a trustee sale on May 11,

10   2009, to Deutsche Bank Trust Company America As Trustee.  (RJN, Ex. E.)  The Trustee's Deed

11   was recorded in the real estate records of Contra Costa County on June 4, 2009.  (*Id.*)

12           In her Second Amended Complaint, Plaintiff alleges that "Defendants" claim an interest in

13   the property adverse to hers without any right.  (*Id.* ¶IV.)  She also seeks a declaratory judgement

14   that "Defendants . . . have no estate, right, title or interest in the subject property."  (*Id.* ¶V.)

15           Additionally, Plaintiff sets forth various allegations regarding her dealings with

16   Homecomings in connection with her request for a modification of her mortgage.  According to

17   Plaintiff, Homecomings informed her that if she provided certain information that it requested,

18   Homecomings would not foreclose on Plaintiff's home.  (*Id.* ¶XIV.)  However, Plaintiff alleges that

19   Homecomings, in fact, never intended to modify the mortgage, but instead "engaged Plaintiff [in a ]

20   shell game by creating a web of fraud and deceit, intending to foreclose on Plaintiff's residence."

21   (*Id.* ¶XV.)  Particularly, she alleges:

22               Homecoming[s] by engaging Plaintiff in ongoing negotiations[] over a
             period in excess of 90[] days, promising to modify the mortgage, but
23           repeatedly requesting that Plaintiff resubmit the same documents such
             as hardship letters, financial statements over and over again,
24   Defendant never intended to modify the loan, and willfully and maliciously misled and lured
     Plaintiff into believing that Defendant would assist Plaintiff to retain her home when in fact, the true
25   facts where that Defendants never intended to assist Plaintiff to retain her residence, and intended to
     foreclose[].
26
     (*Id.* ¶IX.)
27
             Based on these allegations, Plaintiff asserts claims against Homecomings for: (1) quiet title;
28

4

(2) violation of California Business and Professions Code §17200; (3) fraudulent misrepresentation; and (4) wrongful foreclosure.  Plaintiff also seeks declaratory relief in the form of a ruling that "title to the subject property is vested in Plaintiff alone and that defendants . . . have no estate, right, title or interest in the subject property."  (Sec. Am. Compl. ¶V.)  Additionally, Plaintiff seeks to enjoin Defendants from asserting any estate, right, title or interest in the property.  (*Id*.)

In its Motion, Homecomings contends that each of Plaintiff's claims fails as a matter of law.  The Court will evaluate each claim, in turn.

B.    Quiet Title

Homecomings first argues that Plaintiff cannot state a claim for quiet title.  Under California law, in order to state a cause of action to quiet title, a plaintiff must allege that: (1) the plaintiff is the owner of certain described property; (2) the defendant claims an interest therein adverse to plaintiff; and (3) defendant's claim is without right.  *See Compas v. Escondido Mut. Water Co.*, 86 Cal. App. 2d 407, 411 (Cal. Ct. App. 1948).  Here, Plaintiff cannot allege that she is the current owner of the Property, that Homecomings claims an adverse interest in the property, or that such a claim is without right.  Accordingly, Plaintiff has not stated an actionable quiet title claim against Homecomings.

Further, California courts apply the "tender rule," which requires that, as a precondition to challenging a foreclosure sale or any cause of action implicitly integrated to the sale, the borrower must make a valid and viable tender of payment of the secured debt.  *See Karlsen v. Am. Sav. & Loan Ass'n*, 15 *Cal*. App. 3d 112, 117 (Cal Ct. App. 1971); *Arnolds Mgmt. Corp. v. Eischen*, 158 Cal. App. 3d 575, 578 (Cal. Ct. App. 1984).  Thus, a quiet title action requires that a plaintiff allege tender or offer of tender of the amounts admittedly borrowed.  *See Connors v. Home Loan Corp.*, No. 08cv1134, 2009 WL 1615989, at *7 (S.D. Cal. Jun. 9, 2009) (citing *Eischen,* 158 Cal. App. 3d at 578).  Here, Plaintiff has not tendered payment or alleged an offer of tender of the full amount of the obligation owed on the mortgage.  Consequently, Plaintiff's quiet title claim fails as a matter of law.  The Court therefore **DISMISSES** this claim **WITH PREJUDICE**.

C.      Unfair Business Practices

In her Second Amended Complaint, Plaintiff asserts that Homecomings violated California Business & Professions Code § 17200.  Specifically, she alleges that Homecomings negotiated with her over a 90-day period, promising to modify her mortgage and repeatedly asking her to submit documents, but never intended to modify the loan.  (Sec. Am. Compl. at 4-5.)  Homecomings argues that Plaintiff has failed to state a valid claim for unlawful business practices.  (Sec. Am. Compl. at 4.)  The Court agrees.

Section 17200 establishes three varieties of unfair competition - *i.e.*, acts or practices that are unlawful, unfair, or fraudulent.  *Cel-Tech Comm., Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal.4th 163, 180 (1999); *see also Albillo v. Intermodal Container Services, Inc.*, 114 Cal. App. 4th 190, 206 (2003) (to state a UCL claim, a "plaintiff must establish that the practice is either unlawful (*i.e* ., is forbidden by law), unfair (*i.e.*, harm to victim outweighs any benefit) or fraudulent (*i.e.*, is likely to deceive members of the public)").  Reviewing Plaintiff's Second Amended Complaint, Plaintiff does not specify which category or categories encompass her claim.  That aside, the Court finds that Plaintiff has failed to plead an actionable claim under any of the three categories.  First, to the extent that Plaintiff is asserting that Homecomings' act of denying her application for a loan modification comes within the fraud rubric (as set forth in detail below) because she has failed to plead the elements of fraud with particularity.  Accordingly, she cannot proceed under this category.  Second, to the extent that Plaintiff is asserting that Homecomings' conduct was unlawful, Plaintiff has failed to allege the specific law that Defendant violated.  Finally, to the extent that Plaintiff is asserting that Homecomings' conduct was unfair, Plaintiff has failed to set forth facts indicating what specifically was unfair about her dealings with Homecomings.  The fact that Homecomings denied her request for a loan modification, without more, is insufficient.  Based on these defects, the Court **DISMISSES** Plaintiff's § 17200 claim.  However, because Plaintiff may be able to cure these deficiencies, dismissal is **WITHOUT PREJUDICE**.

UNITED STATES DISTRICT COURT
For the Northern District of California

6

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

D.     Fraud

Third, Homecomings argues that Plaintiff has failed to plead an actionable fraud claim.

Under California law, the elements of fraud are "false representation, knowledge of its falsity, intent

to defraud, justifiable reliance, and damages."  *Moore v. Brewster*, 96 F.3d 1240, 1245 (9th Cir.

1996).  Under Federal Rule of Civil Procedure 9, a plaintiff must plead fraud with particularity.

"Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the

misconduct changed."  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting

*Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)).  "'[A] plaintiff must set forth more than the

neutral facts necessary to identify the transaction.  The plaintiff must set forth what is false or

misleading about a statement, and why it is false.'"  *Id.*  (quoting *Decker v. GlenFed, Inc. (In re*

*GlenFed, Inc. Sec. Litig.)*, 42 F.3d 1541, 1548 (9th Cir. 1994)).

Examining Plaintiff's Second Amended Complaint, she alleges that, "[t]hroughout the course

of events herein alleged, Plaintiff were [sic] informed by Homecoming[s] that if Plaintiff provided

the information requested herein above described, that Defendant Homecoming[s] would not make

any efforts to foreclos[e] Plaintiff's home."  (Sec. Am. Compl ¶XIV.)  Plaintiff alleges that this

representation was false because Homecomings never intended to modify her mortgage, "but

engaged Plaintiff [in a] shell game by creating a web of fraud and deceit, intending to foreclose on

Plaintiff's residence."  (Sec. Am. Compl. ¶ XV.)  Plaintiff further alleges that Homecomings knew

that its representation was false and intended that Plaintiff rely on it, that she did, in fact, rely on the

representation, and that, as a result of the misrepresentation, she was damaged in a sum to be proven

at trial.  (Sec. Am. Compl. ¶¶XVI-XVIII.)  The Court has considered these allegations and agrees

with Homecomings that they fail to meet Rule 9's heightened pleading standard.  Notably, Plaintiff

has not alleged *who* made the representations to her; *when* the representations were made; *how* the

representations were made; *what* the representations were (including what information

Homecomings was requesting); and *why* the representations were false.  Further, although Plaintiff

charges that Defendant never intended to modify her mortgage and "created a web of fraud and

deceit," Plaintiff has not set forth any facts supporting either of these accusations.  In order to

7

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

1  proceed with her fraud claim, Plaintiff must correct each of these deficiencies.

2  Beyond the pleading defects, the Court notes that the thrust of Plaintiff's fraud claim is that

3  Homecomings refused to modify her mortgage loan.  To state a plausible fraud claim, Plaintiff must

4  allege specific facts indicating that Homecomings' purported refusal to modify Plaintiff's mortgage

5  loan was somehow fraudulent in nature; Plaintiff's bare assertion that Homecomings' refusal to

6  modify her mortgage, without more, will not suffice.

7  For these reasons, the Court **DISMISSES** Plaintiff's fraud claim **WITHOUT PREJUDICE**.

8  E.    Wrongful Foreclosure

9  In the caption of her Second Amended Complaint, Plaintiff lists a claim for "wrongful

10  foreclosure."  However, Plaintiff's Second Amended Complaint does not contain a separate claim

11  entitled wrongful foreclosure.  Pursuant to Federal Rule of Civil Procedure 8, Plaintiff is required to

12  set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.

13  R. Civ. P. 8(a)(2).  In particular, Plaintiff must identify some legal basis - whether pursuant to

14  federal or state authority or rule - authorizing a claim for wrongful foreclosure.  Because Plaintiff

15  has not done this with respect to any wrong foreclosure claim she sought to assert, the Court

16  **DISMISSES** this claim **WITHOUT PREJUDICE**.

17                          **IV.  CONCLUSION**

18  For the reasons set forth above, the Court **GRANTS** Defendant's Motion to Dismiss

19  Plaintiff's Second Amended Complaint (Dkt. #41) as follows: Plaintiff's quiet title claim is

20  **DISMISSED WITH PREJUDICE**; Plaintiff's claims for violation of § 17200, fraud, and wrongful

21  foreclosure are **DISMISSED WITHOUT PREJUDICE**.  The Court **GRANTS** Plaintiff leave to

22  amend her complaint with respect to her § 17200, fraud, and wrongful foreclosure claims.

23  The Court sets the following deadlines.[2]  Plaintiff shall file any Third Amended Complaint

24  by **September 11, 2009**.  Because Plaintiff has now had at least two opportunities to amend her

25  pleading, absent exceptional circumstances, the Court will be disinclined to allow Plaintiff to make

26  _____

27  [2]These dates supercede the dates announced at oral argument.  Plaintiff must comply with the
28  dates set forth in this Order.

1   any further amendments after the filing of her Third Amended Complaint.

2       Homecomings shall file any motion to dismiss by **October 1, 2009.**  Plaintiff shall file her

3   Opposition by **October 15, 2009**  Homecomings' Reply shall be due by **October 22, 2009**.

4       The Court sets a hearing on Homecomings' forthcoming motion to dismiss on **October 29,**

5   **2009, at 10:00 a.m., in Courtroom B, 15th floor.**

6       **IT IS SO ORDERED.**

7

8   Dated: August 14, 2009

9                                                    _____
                                                     Maria-Elena James

10                                                   Chief United States Magistrate Judge

**United States District Court**
For the Northern District of California

9